## Campbell's Estate.

*Attachment of weak-minded defaulting executor—Act of May 28, 1907.*

An attachment may issue against the person of a defaulting executor where, after the misappropriation of funds and his removal therefor, he has been declared a weak-minded person under the Act of May 28, 1907, P. L. 292.

Petition for attachment and answer. O. C. Phila. Co., Oct. T., 1925, No. 3035.

*Francis J. Bowden*, for petitioner; *David R. Griffith, Jr.*, for respondent.

GEST, J., July 1, 1927.—Frank A. McManus was executor of the will of John M. Campbell, and on June 6, 1926, was summarily removed from his office and directed to deliver to the administrator *d. b. n. c. t. a.* all property, books, papers and money belonging to the estate of John M. Campbell. The account of said Frank A. McManus was subsequently audited and the sum of $10,135.33 was found by the adjudication to be due to the estate. Exceptions were filed by McManus, which were subsequently withdrawn and the adjudication was confirmed absolutely on Nov. 19, 1926. On Nov. 26, 1926, Walter L. Rodman was appointed administrator *d. b. n. c. t. a.* and demanded of said McManus the said sum of $10,135.33, which payment was not and has not been made, whereupon Rodman, administrator, having filed this petition, a citation issued to McManus to show cause why an attachment should not issue, and the citation was returned by the sheriff as served on an adult member of the family of said McManus at his dwelling-house on Jan. 24, 1927. On Feb. 4, 1927, David R. Griffith, Jr., Esq., as attorney for McManus, filed an answer to the citation, setting forth, *inter alia*, that on Sept. 21, 1926, the Court of Common

Campbell's Estate.

Pleas No. 2, as of June Term, 1926, No. 21346, adjudged McManus to be of weak mind and unable to take care of his estate or property or manage his affairs, and appointed the Guarantee Trust and Safe Deposit Company as guardian of his estate. The answer further set forth that, by virtue of this decree of the Court of Common Pleas, the entire estate of Frank A. McManus had been entrusted to the care of his guardian, and that a compliance with the mandate of the court was without the ability of the said Frank A. McManus, although his estate was liable therefor and might properly be applied in liquidation of his financial obligations, and, therefore, the answer prayed that said citation be dismissed and the prayer of the petition filed be refused, and that further action having for its purpose the apprehension and commitment of the said Frank A. McManus be denied. And subsequently, a citation having issued to Guarantee Trust and Safe Deposit Company as guardian of the estate of Frank A. McManus to show cause why the attachment should not issue, the said guardian filed an answer submitting itself to the order of the court. Counsel for the guardian stated at the argument that it has received as such guardian only about fifteen or twenty dollars. It appears from the record that McManus embezzled the assets of the estate of which he was executor long before he was removed as such in June, 1926, and there is nothing to show that he was not entirely *compos mentis* when he committed the defalcation. The decree of the Court of Common Pleas was entered under the Act of May 28, 1907, P. L. 292, 6 Purd. 6568, and it readily appears from a perusal of the act that it is entirely distinct in its purpose and effect from the Act of June 13, 1836, P. L. 592, 2 Purd. 2387, relating to proceedings in lunacy. Whether an attachment could issue in the present case against McManus if he had been adjudged a lunatic under the latter act is a question that we need not determine, it is sufficient for us to observe that under the Act of 1907 the jurisdiction of the Court of Common Pleas is founded merely upon the inability of the person concerned to take care of his property, and his liability to dissipate or lose the same and to become the victim of designing persons; and if the court is satisfied that the person is not able to take care of his property, it becomes the duty of the court to appoint a guardian to take care of the same. All that the court is concerned with is the conservation of the property of the feeble-minded person and its administration by his guardian. The feeble-minded person is not deprived of his liberty, and the custody and care of his person are not committed to another: Hartman's Lunacy, 21 Dist. R. 708. The only statutory consequences of a decree under the Act of 1907 are that the feeble-minded person is incapable of making contracts or gifts or any instrument in writing; it does not enable him to evade his duties or responsibilities. There is no reason at all why his person should be protected from the due process of the court, and we have no doubt that he is liable to attachment for contempt (especially where the defalcation was committed before the decree), and there are evident reasons why he should, by an attachment, be brought before the bar of the court and examined by the petitioner's counsel and by the court, and, if it be proper, committed. It is a possibility, for instance, that the respondent may have concealed assets. Even after a declaration by inquisition in lunacy, it was decided by this court that the lunatic might be examined: Draper's Estate, 26 W. N. C. 218.

The prayer of the petition is granted, and it is ordered that an attachment issue against Frank A. McManus for contempt. Counsel will prepare a decree accordingly.

Henderson, J., was absent.